**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
IN THE MATTER OF THE COMPLAINT
OF DELMARINE, INC. AS OWNER OF A                    **MEMORANDUM**
CERTAIN 1973 18' SIGNA BOWRIDER                     **AND ORDER**
FOR EXONERATION FROM OR
LIMITATION OF LIABILITY.                            CV 03-6206
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

Petitioner Delmarine, Inc. ("Delmarine") moves for reconsideration of my May 26, 2005 Order granting in part and denying in part its motion for sanctions arising from the spoliation of evidence. Docket Entry ("DE") 75; *see* DE 73 (Order). Claimants Greg and Linda Fainer (collectively "the Fainers") oppose the motion. DE 77. For the reasons set forth below, I now deny reconsideration and adhere to my earlier ruling.

I.    Background

The relevant history of this case is set forth in my Order dated May 26, 2005, familiarity with which is assumed. Briefly stated, this action stems from the collision that occurred in the Great South Bay on June 9, 2003, between the Fainers' boat (*Four Winns*) and another vessel owned by Delmarine. The collision allegedly caused the Fainers to sustain certain injuries. On September 10, 2003, the Fainers, by their then-attorney, Mitchell Sommer, Esq. ("Sommer"), commenced a personal injury action in New York State Supreme Court. On December 9, 2003, Delmarine commenced the instant action seeking exoneration from liability, or alternatively, limiting its liability, pursuant to the Limitation of Shipowners' Liability Act, 46 App. U.S.C. § 181, *et seq*.

Delmarine asserted that the Fainers spoliated evidence by disposing of *Four Winns* at the Merrick town dump before Delmarine's expert could examine the boat. *See* DE 28. On January

7, 2005, I set a briefing schedule. Thereafter an issue arose regarding the propriety of Sommer's continued representation of the Fainers, who thereupon retained new counsel. *See* DE 54; DE 57. On April 18, 2005, I held a hearing on the motion and reserved decision. DE 70. On May 26, 2005, I issued an order granting in part and denying in part Delmarine's motion for dismissal. As I explained at that time, dismissal was inappropriate under the circumstances:

> The difficulty in this case lies in the fact that the party responsible for the spoliation is almost as blameless as the party deprived of evidence. The Fainers spoliated evidence only because their [then-attorney Sommer,] failed to advise them of their responsibility to preserve it. I will therefore fashion a sanction that places the burden as much as possible on the person primarily responsible for Delmarine's lack of evidence, without unduly prejudicing either Delmarine or the Fainers. Under the circumstances of this case, I find that all of the potential sanctions described in the *West* opinion would excessively penalize the Fainers. *See West* [*v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)].

DE 70 at 14-15. Thus, I granted Delmarine alternate relief:

> Specifically, I will require the Fainers to provide Delmarine with any information at their disposal regarding when and where they dumped their vessel. Delmarine may seek to locate the vessel at the dump and, if successful, it may have its expert examine it and introduce any opinion testimony based on that examination consistent with Federal Rule of Evidence 702. I further order that both the cost of the search for the vessel and the cost of any examination by the expert shall be reimbursed personally by Sommer. Finally, if Delmarine's expert is unable to render a reliable opinion as to the cause of the accident based on inspection of the vessel (either because it cannot be found or because its current condition renders any opinion unreliable), I order that, as alternate relief, the Fainers are precluded from introducing any expert testimony about the cause of the collision. I believe that this mix of sanctions comes as close as possible to restoring Delmarine to the position it would have occupied in the absence of the Fainers' spoliation, *Byrnie* [*v. Town of Cromwell, Bd. Of Educ.*, 243 F.3d 93, 107], without imposing an unfair burden either on the Fainers, whose conduct I find was not willful.

*Id*. at 15.

In seeking reconsideration of that decision, Delmarine asserts that the Fainers' boat cannot be located. It further argues, among other things, that I overlooked authority that requires me to

2

attribute Sommer's acts and omissions to the Fainers for purposes of determining an appropriate sanction for spoliation. DE 75-1. Delmarine therefore requests that I either grant its motion to dismiss or bar the Fainers from introducing all fact and expert testimony regarding the "happening of the accident." *Id.* at 5. The Fainers oppose the motion, stating that "[Delmarine] merely wishes to relitigate the same issue since it is not happy with" my earlier decision. DE 77 at 6.

II.     Discussion

Motions for reconsideration under Local Civil Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure are governed by the same standards. *Belmont v. Assoc. Nat'l Bank (Delaware)*, 219 F. Supp.2d 340, 342 (E.D.N.Y. 2002); *Darnley v. Barnhart*, 2002 WL 959549, *1 (S.D.N.Y. May 9, 2002). Reasons for granting reconsideration include, "an intervening change of controlling law, the availability of new evidence, and the need to correct clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted); *see* Loc. Civ. R. 6.3. Reconsideration is rarely granted, so as to avoid piecemeal litigation and repetitive arguments already considered by the court. *O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.*, 127 F. Supp.2d 342, 345 (E.D.N.Y. 2001) (citations omitted). A movant must direct the court to controlling decisions that the court overlooked that may reasonably be expected to alter the conclusion reached by the court. *Id.* (citations and quotations marks omitted); *see also In re Application of the U.S.*, 396 F. Supp.2d 294, 301 (E.D.N.Y. 2005) ("The standard of review applicable to a motion for reconsideration ... is strict. Such motions are committed to the sound discretion of the district court.") (citations and quotation marks omitted).

3

Delmarine seeks reconsideration on the ground that I misapplied controlling precedent. Specifically, it claims that because an attorney is an agent for his clients, Sommer's willful actions are binding on the Fainers. *See* DE 75-1 at 3-4. The argument misperceives my original ruling and does not justify altering that ruling on reconsideration.

I have no quarrel with the proposition that "an attorney is his client's agent and representative; the client retains ultimate authority over the conduct of litigation." *Prate v. Freedman*, 583 F.2d 42, 48 (2d Cir. 1978) (citation omitted). As such, a litigant is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney. *York Research Corp. v. Landgarten*, 927 F.2d 119, 122 (2d Cir. 1991) (quotation marks omitted) (citing *Link v. Wabash*, 370 U.S. 626, 634 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)); *but see S.E.C. v. McNulty*, 137 F.3d 732, 739-740 (2d Cir. 1998) (discussing the impact of a client's diligence, or lack thereof, on the decision to vacate or uphold a default).

Delmarine is therefore correct that the Fainers must be held responsible for the willful spoliation that I found to have occurred, notwithstanding that Sommer was the one actually at fault. Delmarine is incorrect, however, in the assumption implicit in its argument that I treated the Fainers otherwise. Had I not held the Fainers responsible for the spoliation, no sanction at all would have been warranted.

Delmarine contends that my initial order turned this case into "the proverbial 'he said-she said' dispute, that but for the spoliation of evidence, could have been resolved, likely against the Fainers through expert testimony." DE 75-1 at 5. It goes on to cite *West* for the proposition that it should be put in a position "where it might have been had it been able to establish, with the

4

potential availability of the spoiled evidence, trial proofs in its favor." DE 79-1 at 4. As that case makes plain, however, a court has broad discretion in determining the sanction that best restores the parties to the positions they would have occupied but for the spoliation. *West*, 167 F.3d at 779.

Nothing in *West* compels either form of relief that Delmarine seeks. Dismissal is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions. *West*, 167 F.3d at 779-780. The alternative to dismissal that Delmarine proposes – the preclusion of all fact and expert evidence about how the accident happened – is tantamount to dismissal and thus should be imposed only pursuant to the same standard. Neither form of relief would accomplish the goal of putting Delmarine in the position it would have occupied but for the spoliation; instead, the requested relief would amount to a windfall in Delmarine's favor.

Assuming, as Delmarine asserts, that *Four Winns* cannot be located, the alternate relief described in my initial order will take effect and neither party will be able to introduce expert testimony as to the cause of the collision: Delmarine will be precluded as an unavoidable practical result of the Fainers' spoliation, and the Fainers will be precluded as a result of the sanction I have ordered. The parties will thus be on as equal a footing as possible under the circumstances with respect to the availability of expert opinion about how the accident at issue came about.

Moreover, the unavailability of opinion testimony does not mean the cause of the accident cannot be determined. There is nothing inherently intractable about the kind of "he-said, she-said" dispute that Delmarine describes that places it beyond the ability of a fact-finder to resolve,

even in the absence of any expert's opinion. Indeed, each party appears to believe that the factual record developed thus far through pretrial depositions serves to support its version of events. *See* DE 75-1 at 4-5; DE 77 at 2-3. Determining which side is right is a matter for the finder of fact, whose judgment in this regard may take into account witness credibility and cannot in any event be usurped by experts' opinions. *See Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005) (internal citations omitted).

III. Conclusion

For the reasons set forth above, Delmarine's motion for reconsideration of my Order dated May 26, 2005, DE 73, is denied.

**SO ORDERED.**

Dated: Central Islip, New York
December 28, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge